```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF NEBRASKA

JAKOTA MOORE,                    )
                                 )
                Plaintiff,       )           8:12CV207
                                 )
        v.                       )
                                 )
MADISON COUNTY JAIL,             )       MEMORANDUM AND ORDER
                                 )
                Defendant.       )
_____)
```

Plaintiff filed his complaint in this matter on June 13, 2012 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 10). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his complaint against the "Madison County Jail." (Filing No. 1 at CM/ECF p. 1; Filing No. 11.) Plaintiff is currently confined in the Lincoln Correctional Center in Lincoln, Nebraska. (*See* Docket Sheet.)

Since plaintiff filed his complaint, he has filed numerous Supplements. (*See* Filing Nos. 11, 12, 13, 18, and 20.) Plaintiff alleges he is unhappy with his medical care, food, and living conditions at Madison County Jail. (*See, e.g.,* Filing No. 1.) Plaintiff asks the Court to transfer him and to hold Madison County Jail accountable for incarcerating him under the name

Larry Inman, which plaintiff alleges is not his name.[1]  (Filing No. 1 at CM/ECF p. 4; Filing No. 20 at CM/ECF p. 3.)

**II.** APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the

---

[1] Plaintiff's request to be transferred from Madison County Jail is moot because he is now incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska.  (*See* Docket Sheet.)

plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

III. DISCUSSION OF CLAIMS

Plaintiff alleges that Madison County Jail violated his constitutional rights (Filing No. 1 at CM/ECF p. 1; Filing No. 11 at CM/ECF p. 1). The Court liberally construes claims against the Madison County Jail as claims against Madison County, Nebraska. As a municipal defendant, Madison County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

-3-

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Madison County's employees, or that Madison County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, plaintiff does not allege that an unconstitutional custom was the moving force behind his injures. Accordingly, plaintiff has failed to allege sufficient facts to "nudge" his claims against Madison County across the line from conceivable to plausible under the *Jane Doe* standard.

However, on its own motion, the Court will grant plaintiff 30 days in which to amend his complaint to sufficiently allege a claim against Madison County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of plaintiff's prior complaint (Filing No. 1), and

-4-

any new allegations, including those in his supplements.  Failure to consolidate all claims into one document will result in the abandonment of claims.  If plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, plaintiff's claims against Madison County will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS ORDERED:

1.  Plaintiff shall have until **October 12, 2012,** to amend his complaint and clearly state a claim upon which relief may be granted against Madison County, in accordance with this Memorandum and Order.  If plaintiff fails to file an amended complaint, plaintiff's claims against Madison County will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2.  In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations, including those contained in his supplements.  Failure to consolidate all claims into one document may result in their abandonment.

3.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 12, 2012,** and dismiss if none filed.

      4.   Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice.**

DATED this 11th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.