IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAKOTA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV207 |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON COUNTY JAIL, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on its own motion. On September 11, 2012, this Court conducted an initial review of plaintiff's complaint, finding that it failed to state a claim against Madison County Jail ("Madison County") upon which relief could be granted (Filing No. 21 at CM/ECF p. 6).

In particular, the Court determined plaintiff failed to allege that there was "a continuing, widespread, persistent pattern of unconstitutional misconduct by Madison County's employees, or that Madison County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct." (*Id*. at CM/ECF p. 4.) The Court also found that plaintiff failed to allege that "an unconstitutional custom was the moving force behind his injures." (*Id*.) The Court gave plaintiff until October 12, 2012, to file an amended complaint to adequately allege a claim against Madison County. (*Id*. at CM/ECF p. 6.)

On October 1, 2012, plaintiff filed an amended complaint (Filing No. 24). However, even liberally construed, plaintiff's amended complaint suffers from the same defects as his original complaint. Plaintiff alleges that he is still incarcerated under an incorrect name, and that this constitutes "persistent unconstitutional conduct." (*Id*. at CM/ECF p. 8.) He also alleges that Madison County is deliberately indifferent because he has proven his correct identity, but is still being detained under an incorrect name. (*Id*.) These, and plaintiff's other allegations, do not nudge[] [his] claims across the line from conceivable to plausible," and they "must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Lee v. Chapman*, No. 5:07-CV-465 (CAR), 2010 WL 1487233, at *1, 3 (M.D. Ga. Feb. 5, 2010) (concluding there was no authority indicating or even suggesting that defendants violated a constitutional or statutory right by refusing to change a plaintiff's commitment information containing an alleged incorrect name).

For these reasons, and for the reasons set forth in the court's September 11, 2012, memorandum and order, plaintiff's

amended complaint fails to state a claim upon which relief may be granted and will be dismissed in its entirety.

Also pending is plaintiff's motion for copies (Filing No. 23). Plaintiff does not have the right to receive copies of documents without payment, even if the Court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If plaintiff requires copies of court documents, he should contact the clerk of the court to determine the proper method of requesting and paying for copies. A separate order will be entered in accordance with this memorandum opinion.

DATED this 15th day of October, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.